In this case I wish not to express an opinion upon the priority or preferable right to satisfaction of the executions; but if a posterior execution could, by being levied by another officer, as by a constable or a United States marshal, gain a preference over one in the sheriff's hands, I think that the possibility of such preference being gained should quicken the exertions of the sheriff even beyond what the common law required; for by that law there was no such danger, there being but one person in the county (the sheriff) to execute process; and where there are two persons in one county exercising the office of sheriff, as in Middlesex, they both form but one officer; the act of the one is the act of both, and both must be sued. And the law guards the right of the plaintiff against voluntary alienations of the debtor. The sheriff should, therefore, proceed with all convenient speed to levy the execution in his possession. His omitting to do so from 7 October to 1 November, and more particularly on one so shortly thereafter returnable, to wit, on the third Monday of November, was a neglect which rendered him liable; and this would be neglect, I think, independent of the possibility of the property being taken by posterior executions, (555) and if no such risk existed, that is, that posterior executions could not gain the preference, then his return of nulla bona
was false, for there was property in the defendant's possession and liable to the plaintiff's execution when the sheriff went to the house of the defendant. As to the plaintiff hastening the sheriff by a request to proceed immediately, he seeks not to recover for want of extraordinary exertions, but for the want of those exertions which the nature of his office required by barely having the execution put into his hands. If the plaintiff had sought to have recovered for any loss sustained by want of extraordinary exertions which the peculiar circumstances of the case might have required, then those circumstances should have been communicated to the sheriff with a request to proceed immediately in the execution of the process. So that, take it either way, that the constable's executions had gained the preference, or that they had not, I think the sheriff was guilty of neglect, and is therefore liable. This opinion is founded on the facts declared on the record. It is not intended to preclude the sheriff from showing facts or circumstances why he did not go sooner to the debtor's house, or any other fact amounting to a justification. I simply mean to say that, omitting 7 October to 1 November to make an attempt to levy an execution, returnable on *Page 297 
the third Monday of November, unaccounted for, is in law neglect, and that the person who has sustained a damage thereby may recover. I, therefore, concur in the opinion of my brother HALL that a new trial should be granted.
The CHIEF JUSTICE concurring, also,
PER CURIAM. New trial.
Cited: Denson v. Sledge, 13 N.C. 140; Kincaid v. Smyth, 35 N.C. 497;Morgan v. Horne, 44 N.C. 26.
(556)